UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-183 |
| v. | * | SECTION: "R" |
| DAMIAN BARBARITO ROMERO | * | |

\* \* \*

### FACTUAL BASIS

The defendant, **DAMIAN BARBARITO ROMERO** (hereinafter, the "defendant" or "ROMERO"), has agreed to plead guilty to Count One of the Indictment now pending against him, charging him with possession of child pornography involving a minor under the age of twelve, in violation of Title 18, United States Code, Section 2252(a)(4)(B). Should this matter proceed to trial, both the Government and the defendant, **DAMIAN BARBARITO ROMERO**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Bill of Information now pending against the defendant:

The Government would show that, at all times mentioned in the Bill of Information, the defendant, **DAMIAN BARBARITO ROMERO**, was a resident of the Eastern District of Louisiana who lived in New Orleans, Louisiana. The Government would further establish through self-authenticating evidence that **ROMERO** was born on September 9, 1980.

The Government would further present competent testimony and evidence that law enforcement officials executed a search warrant, based on probable cause and signed by United

AUSA _JG_
Defendant _D.R._
Defense Counsel ___

States Magistrate Judge Karen Wells Roby, at **ROMERO'S** residence on February 1, 2017. FBI Special Agent Daniel Douglass would testify that they recovered dozens of electronic devices belonging to **ROMERO**, including laptop computers, "thumb" drives, external storage devices, and DVDs that were (collectively, "seized items") determined to contain images and videos of the sexual victimization of children ("child pornography") during the execution of the search warrant.

The Government would further establish through testimony and forensic computer evidence that **ROMERO** knowingly used the seized items to search for, download, and save images and videos of child pornography. Further, the evidence and testimony would establish that a computer forensic search of the seized items related evidence revealed approximately 3,984 unique images and 1,258 videos depicting the sexual victimization of children.

Further, the Government would establish, through introducing the results of the computer forensic search, that **ROMERO** used versions of the peer-to-peer file sharing programs, including BitTorrent, to download child pornography. **ROMERO** stored the images and videos in a series of folders he created on his computer, external digital storage device, and various CDs and DVDs.

Special Agent Douglass and forensic examiners with the Federal Bureau of Investigation would testify that they were able to determine, after reviewing evidence seized during the execution of the aforementioned search warrant, that **ROMERO** knowingly used his computers to search for, download, and save images and videos of child pornography. Testimony and digital forensic evidence would also show that **ROMERO** used a sophisticated twenty-two-character password to encrypt and hide his collection of child pornography.

Forensic evidence consisting of medical testimony, law enforcement officers, and supporting documentation would establish that some of the child victims depicted in the images

AUSA _JG_
Defendant _D.R_
Defense Counsel 

and videos of **ROMERO'S** were of real, identifiable victims, less than the age of eighteen (18) years old. All of the images and videos depicting the sexual victimization of minors possessed by the defendant would be introduced through the testimony of Special Agents with the FBI.

Forensic evidence and testimony would further establish that the child victims depicted in the materials described above and possessed by **ROMERO** were prepubescent children less than twelve (12) years of age, including children as young as less than two (2) years old at the time the child pornography was created. The testimony would further establish that the videos and images of the child victims depicted them engaging in "sexually explicit conduct," as defined in Title 18, United States Code, Section 2256. Some of the images and videos that would be introduced at trial depict adult males vaginally and/or anally penetrating minor victims, minors performing oral sex on adults, and minors being forced to engage in bondage.

One example of the type of images and videos that **ROMERO** possessed was a video that was approximately 10 minutes in length, entitled "(KINGPASS) NEW! 022 Asian – pthc (tied 8yo Cambodian boom-boom girl fucked + raped by sex-tourist ) hussyfan.mpeg." The video depicts an approximately eight-year-old female with her wrists duct taped to her ankles and an adult male penetrating her vaginally. During the course of the video, the adult male drips hot wax from a burning candle onto her vagina, penetrates her vagina and anus with various sex toys, and takes several pictures with a camera.

Further, the Government would present evidence that would establish that the videos and images of child pornography **ROMERO** possessed had been transported in interstate commerce via computer.

AUSA *J G*  
Defendant *D. R*  
Defense Counsel 

Further, the Government would show through testimony and documentary evidence that the equipment used by the defendant to acquire the child pornography was transported in interstate or foreign commerce.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, the Special Agents and forensic examiners from the Federal Bureau of Investigation, other witnesses, documents and electronic devices in the possession of the FBI, and statements made by the defendant, **DAMIAN BARBARITO ROMERO.**

**APPROVED AND ACCEPTED:**

_____   2-21-18
DAMIAN BARBARITO ROMERO          Date
Defendant

_____   2-21-18
ARIS W. COX, VI, ESQ.            Date
(Louisiana Bar No. 27780 )
Attorney for Defendant Romero

_____   2-21-18
JORDAN GINSBERG                  Date
(Illinois Bar Roll No. 6282956)
Assistant United States Attorney

4